O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCOTT PAPEZ, | Case No. EDCV 14-1183-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jeffrey Scott Papez ("Plaintiff") has filed a Complaint seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his applications for Title II Disability and Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///

///

# I.

# **PROCEDURAL HISTORY**

On March 11, 2011, Plaintiff filed an application for DIB, alleging February 22, 2010 as the onset date of disability. Administrative Record ("AR") at 164-70. The application was denied initially on August 23, 2011, and upon reconsideration on May 18, 2012. Id. at 83-85, 90-94.

On May 24, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Id. at 96-98. On November 15, 2012, an initial hearing was held before ALJ Jennifer A. Simmons at which Plaintiff testified and was represented by a non-attorney representative. Id. at 46-80, 127-28. On December 18, 2012, a second hearing was held before the ALJ at which Plaintiff was represented by counsel. Id. at 32-45, 161-62.[1]

On January 22, 2013, the ALJ issued a decision denying Plaintiff's application. Id. at 18-27.

On February 6, 2013, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision. Id. at 12-13. On April 15, 2014, the Appeals Council denied Plaintiff's request for review. Id. at 1-6.

On August 25, 2014, Plaintiff filed the instant Complaint. ECF Docket No. ("dkt.") 1. On December 11, 2014, Defendant filed an Answer. Dkt. 14. On March 2, 2015, the parties filed a Joint Stipulation pursuant to the Court's Case Management Order. Dkt. 18. Thus, this matter stands submitted and ready for decision.

# II.

# **STANDARD FOR EVALUATING DISABILITY**

In order to qualify for DIB, a claimant must demonstrate a medically determinable

---

[1] The second hearing was held due to the ALJ's grant of Plaintiff's post-hearing objections to the testimony of the vocational expert. AR at 34.

physical or mental impairment that (1) prevents him from engaging in substantial gainful activity, and (2) is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful work that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1)  Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2)  Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)  Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]

(4)  Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5)  Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### III.
### THE ALJ'S DECISION

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 22, 2010, the alleged onset date of disability. AR at 20.

At step two, the ALJ found Plaintiff "has the following severe impairments: mild right knee osteoarthritis status post arthroscopy in May 2003; coronary artery disease in April 2002; carpal tunnel syndrome in the left upper extremity; left shoulder status post three rotator cuff repairs in the mid-1990s; right thumb status post severed extensor tendon in July 2008 with reattachment in 2011; degenerative disc disease of the lumbar spine; and obesity-overweight (20 CFR 404.152(c))." Id. The ALJ also found Plaintiff's hypothyroidism, hyperlipidemia, and hernias to be "nonsevere impairments." Id. at 20-21. The ALJ further found Plaintiff "was treated for depression, which resolved prior to his alleged onset date." Id. at 21.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id.

Before reaching step four, the ALJ found Plaintiff has the RFC to perform "light work as defined in 20 CFR 404.1567(b) except lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit up to six hours in an eight-hour workday; stand and/or walk up to six hours in an eight-hour workday; occasional overhead reaching with the non-

4

dominant left upper extremity; frequent handling with the right and left hand bilaterally; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, occasionally stoop, kneel, crouch, and crawl; avoid work around hazardous heights; and no work in extreme heat." Id.  At step four, the ALJ found Plaintiff has past relevant work as a maintenance repairer which he is unable to perform. Id. at 25.

At step five, the ALJ found Plaintiff is capable of performing various jobs that exist in significant numbers in the national economy, including ticket taker, electronic worker, toll collector, and information clerk. Id. at 26.

## IV.
## DISPUTED ISSUES

The following issues are in dispute:

1. Whether the ALJ's granting of little or no weight to the opinions of treating physician Deslin Thomas and examining physician Joseph Nassir is supported by legally and factually sufficient rationales.  Dkt. 18 at 6.
2. Whether the finding that Plaintiff's subjective complaints are not credible is supported by clear and convincing rationales.  Id.[3]

## V.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the

---

[3] The Court finds the first issue dispositive of this matter, and thus "decline[s] to reach [Plaintiff's] alternative ground for remand." Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012); see also Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec' y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F. 2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm' r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

///
///
///

# VI.

# DISCUSSION

## A. THE ALJ FAILED TO PROVIDE SPECIFIC AND LEGITIMATE REASONS SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD FOR REJECTING THE OPINIONS OF DR. THOMAS AND DR. NASSIR

### 1. Background

In determining Plaintiff's residual functional capacity, the ALJ gave "great weight to the State agency medical consultants' and consultative examiners' opinions" who she stated "are familiar with the Social Security Administration's disability laws and supported their functional assessments with objective findings." AR at 24. Specifically, Dr. Jeff Sao performed a consultative internal medicine evaluation and concluded "claimant had no functional limitation." Id. at 23-24. Dr. Sandra M. Eriks also performed a consultative internal medicine evaluation and concluded "claimant was limited to a full range of medium work." Id.

In contrast to the "great weight" afforded to the State agency medical consultants and consultative examiners, the ALJ gave "little weight" to Planitiff's treating physician, Dr. Deslin Thomas, and an examining physician, Dr. Joseph Nassir, who had both determined Plaintiff was disabled. Id. at 24. For the reasons set forth below, the Court finds the ALJ erred by rejecting the opinions of Dr. Thomas and Dr. Nassir while stating legally insufficient reasons for doing so and without attempting to recontact either physician.[4]

---

[4] The Court expresses no opinion as to whether other reasons - beyond that which was expressed by the ALJ - may support the rejection of the disability findings of Dr. Thomas and Dr. Nassir. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226–27 (9th Cir. 2009) (citing SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947) (other citation omitted));

## 2. Legal Standard

An ALJ "must consider all medical opinion evidence," and is responsible for "resolving conflicts in medical testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where a treating or examining doctor's opinion is not contradicted by another doctor, "it may be rejected only for clear and convincing reasons supported by substantial evidence in the record." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotation marks omitted). However, where a treating or examining doctor's opinion is contradicted, the ALJ may reject the opinion if he provides "specific and legitimate reasons supported by substantial evidence in the record." Id. (citations and internal quotation marks omitted). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. (citation and internal quotation marks omitted).

In addition, "the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Particularly relevant to the Court's analysis is Section 404.1512(e) of 20 C.F.R. which provides the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273. 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have

---

see also Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012); Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted).

8

continued the hearing to augment the record.") (citations omitted).

### 3. The ALJ Did Not Provide Specific and Legitimate Reasons Supported by Substantial Evidence in the Record for Rejecting Dr. Thomas's Opinion

On November 16, 2011, Plaintiff's treating physician Dr. Thomas, a family practitioner who had treated Plaintiff on multiple occasions beginning in August 2010, wrote a letter in which he opined Plaintiff "is unable to do any job requiring prolonged sitting, standing, or walking." AR at 267, 430. Dr. Thomas's letter included an attachment outlining Plaintiff's medical history and medications, and concluded by offering to be contacted if further assistance was needed. Id. In rejecting the opinion of Dr. Thomas, the ALJ cited the following two reasons: (1) Dr. Thomas's opinion regarding Plaintiff's disability "appears to be based upon [Plaintiff's] subjective complaints; and (2) Dr. Thomas's opinion "does not detail function-by-function abilities other than stating no prolonged sitting, standing, or walking." Id. at 24. However, as discussed below, neither proffered reason is legally sufficient.

First, contrary to the ALJ's claim, Dr. Thomas's opinion regarding Plaintiff's disability was not based upon Plaintiff's subjective complaints. Rather, Dr. Thomas's opinion was largely based upon his own observations and examination of Plaintiff. Plaintiff was treated by Dr. Thomas on multiple occasions. Id. at 254-55, 259-60, 267-68, 832-46, 1001-10. During those visits, Dr. Thomas examined Plaintiff and administered tests, including Neer's and Hawkins's tests which revealed positive results indicating rotator cuff impairment. Id. at 260. Dr. Thomas's personal observations included decreased range of motion in Plaintiff's right knee, left shoulder, thoracic spine region (with spasm), and lumbar spine region (with spasm). Id. at 255, 834. In addition, Dr. Thomas reviewed x-rays dated April 18, 2011, which revealed "a mild degree of degenerative change at multiple levels" of the lumbar spine and lower thoracic spine. Id. at 733-36, 833. Dr. Thomas's opinion was, thus, based upon his own clinical observations, testing, and findings. To the extent Dr. Thomas may have also included

Plaintiff's self-reported history in his analysis, that fact does not provide a legally sufficient basis for rejecting his opinion. See e.g., Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (stating "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations") (citation omitted).

Second, the ALJ's rejection of Dr. Thomas's opinion because it did not detail function-by-function analysis is also legally insufficient. Rather, to the extent the ALJ desired a more detailed analysis, she had "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). An "ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ could have fulfilled this duty by, *inter alia*, subpoenaing Dr. Thomas or submitting further questions to him. See, e.g., Smolen, 80 F.3d at 1288. Here, rather than fulfill her duty, the ALJ simply chose to reject the opinion of a treating physician because it did not contain the detail she sought. Thus, neither of the ALJ's proffered reasons for rejecting the opinion of Dr. Thomas constitute specific and legitimate reasons supported by substantial evidence in the record.

### 4. The ALJ Did Not Provide Specific and Legitimate Reasons Supported by Substantial Evidence in the Record for Rejecting Dr. Nassir's Opinion

On October 17, 2012, Plaintiff was examined and evaluated by Dr. Nassir, an internist. AR at 962-64. Dr. Nassir subsequently issued a written report in which he concluded, "[a]fter extensive history and physical exam and review of volumes of medical records, in my opinion, this patient is unable to withstand substantial amount of sitting or standing, and the patient is unable to perform work activities on a sustained,

regular basis." Id. at 964.  In rejecting the opinion of Dr. Nassir, the ALJ cited three reasons: (1) Dr. Nassir "performed a one-time evaluation"; (2) Dr. Nassir's opinion lacked "specific findings on how much reduction of range of motion [Plaintiff] experiences"; and (3) Dr. Nassir "opines [Plaintiff] has been unable to work since February 2010 based upon [Plaintiff's] report." Id. at 25.  However, as discussed below, none of these reasons are legally sufficient.

The ALJ's first reason is not supported by the record.  While the ALJ disregarded Dr. Nassir's opinion because he conducted a one-time evaluation, she gave "great weight to the State agency medical consultants' and consultative examiners' opinions," who also conducted one-time evaluations of Plaintiff.  See id. at 23-25 (ALJ Decision stating consultative examiner Dr. Jeff Sao evaluated Plaintiff on July 26, 2011 and consultative examiner Dr. Sandra M. Eriks evaluated Plaintiff on May 8, 2012).  Under these circumstances, the Court cannot find the ALJ's first reason to be legitimate.

The ALJ's second proffered reason is also not legally sufficient.  Dr. Nassir made findings regarding Plaintiff's reduced range of motion.  See id. at 963 (describing Plaintiff as having limitations, including, "[d]ecreased range of motion of the right shoulder," "[m]arked decrease in the shoulder," "decreased range of motion of the hands and in forward abduction of the knees," "[d]ecreased range of motion of the cervical and lumbar spine with decreased lateral and forward flexion." ).  Once again, as with Dr. Thomas, to the extent the ALJ desired a more detailed analysis, she had "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown, 713 F.2d at 441.  The ALJ, thus, had a duty to seek further information from Dr. Nassir.  See e.g., Smolen, 80 F.3d at 1288.  The ALJ did not fulfill this duty, thus, her second reason is not legally sufficient.

Finally, while Dr. Nassir references Plaintiff's self-reporting that Plaintiff has been unable to work since February 2010 in the introductory paragraph of his report, AR at 962, there is no evidence that Dr. Nassir relied solely – or even heavily – upon Plaintiff's self-reporting.  To the contrary, Dr. Nassir's opinion was made "[a]fter extensive history

and physical exam and review of volumes of medical records." AR at 964. Thus, Dr. Nassir had substantial information based upon his personal observations, evaluation, and review of extensive medical records on which to base his conclusion. Accordingly, none of the ALJ's three proffered reasons for rejecting the opinion of Dr. Nassir constitute specific and legitimate reasons supported by substantial evidence in the record.

## B. REMAND IS WARRANTED

With error established, this Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See id. at 594.

Here, in light of the ALJ's error, the opinions of Dr. Thomas and Dr. Nassir must be properly assessed. Therefore, on remand, the ALJ shall reevaluate their opinions and either credit them as true, or provide specific and legitimate reasons for any portion that is rejected.

///
///
///
///
///

## VII.
## **CONCLUSION**

IT IS THEREFORE ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.

DATED: March 27, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge